UNITED STATES DISTRICT COURT
COURT OF CONNECTICUT

---

SHAUNA L. BISSON )  CIVIL ACTION NO: 3:19–cv-153
    Plaintiff )
)
)
)
)
)
v )
)
THE HERTZ CORPORATION )
AND )
VANGUARD CAR RENTAL USA, LLC )
    Defendants ) FEBRUARY 1, 2019
_____) JURY TRIAL DEMANDED

## COMPLAINT

### INTRODUCTION

1. This is an action for money damages and other relief for violation of American Disability Act Title III.

### PARTIES

2. At all times hereinafter, the plaintiff, Shauna L. Bisson, was a resident of the Town of Moorehead, Minnesota.

3. At all times hereinafter, the defendant, The Hertz Corporation ("Hertz"), is a foreign corporation registered in Connecticut with its primary place of business in Florida. The defendant's car rental service is located at 2 Schoephoester Rd, Windsor Locks, Connecticut.

4. At all times hereinafter, the defendant, Vanguard Car Rental USA, LLC ("Vanguard"), is a foreign corporation registered in Connecticut with its primary place of business in Missouri. The defendants car rental service is located at 60 Schoephoester

Rd, Windsor Locks, Connecticut.

5.      Both defendants are in the business of national car rental services.

## JURISDICTION

6.      The United States District Court for the District of Connecticut has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 2201, in that there is diversity in citizenship and the matter in dispute has a value in excess of $75,000.

## PROCEDURAL REQUIREMENTS

7.      On October 25, 2017, the plaintiff filed charges of discrimination with the Commission of Human Rights and Opportunities ("CHRO").

8.      On November 6, 2018, the CHRO dismissed the plaintiff's charges of discrimination.

9.      The plaintiff has accordingly filed this suit within 90 days of the CHRO dismissal.

## BACKGROUND

10.     The plaintiff is a t-12 paraplegic woman who requires a manual wheelchair for all mobility needs.

11.     The plaintiff is able to drive a wheel chair accessible vehicle using adaptive driving devices, specifically hand controls and a spinner knob, which accommodate her disability.

12.     The plaintiff, in preparation for her trip to Connecticut, reserved a wheel chair accessible vehicle with hand controls and spinner knobs from defendant Hertz Windsor Lock's location.  The reservation was for the dates of August 5, 2017 through August 14, 2017.

13. On or around July 18, 2017, when making her reservation, the plaintiff specified her need for wheel chair accessibility when she made the reservation, which was accepted by Defendant Hertz.

14. Immediately before to her trip, the plaintiff contacted defendant Hertz to confirm her reservation. The defendant informed the plaintiff that it would not accommodate her with a wheel chair accessible vehicle with hand controls and spinner knobs.

15. In her experience to date, Ms. Bisson can only reasonably use a vehicle which is wheel chair accessible. The reasoning for this requirement is functionality, not aesthetics.

16. The plaintiff cannot walk or stand and therefore, she must follow a very specific process to enter a vehicle. She must first wheel herself next to the drivers seat then lift herself from her chair into the driver seat using her upper body strength. Once the plaintiff positions herself into the driver's seat, the wheelchair remains outside of the vehicle in its original position, awaiting transfer into the vehicle.

17. A wheel chair accessible vehicle allows the plaintiff to lean forward, incline the drivers seat forward and manuever the rigid wheelchair frame and two large wheels into the back seat.

18. The four door vehicle offered to the plaintiff is not wheel chair accessible because the plaintiff must drag her wheelchair frame and two large wheels over her body and into the vehicle. Then she must hold the wheelchair above her body and maneuver it  into the backseat.

19. The act of dragging a wheel chair over the plaintiff's paralyzed body creates a dangerous and difficult situation. Further, it does not facilitate independence of the

person. The dangers include: contact between the wheel chair and the plaintiff's body; debris from the climate and/or environment rubbing onto the plaintiff's body; and proturding edges and parts of the wheelchair device pose an injury to the plaintiff's paralyzed body and face.

20. As aforementioned, despite the plaintiff's specific reservation in her request, the defendant, Hertz, failed to provide her with a wheel chair accessible vehicle, such as a van, which defendants could have made available to plaintiff at the same cost as the vehicle requested.

21. The defendant, Vanguard, also failed to provide the plaintiff with the proper two door vehicle equipped with the necessary assistive devices.

22. As a result, the plaintiff was forced to rent a four door vehicle, which was not wheel chair accessible, caused her to be dependent on others, including friends and valet, resulting in incurred costs, a lack of independence, and humiliation.

23. Further, the plaintiff was forced to drag her wheelchair over her body, which resulted in humiliation and soiling of her clothing.

24. The defendants are private-entities covered by under 42 U.S.C. § 12181 of the Americans with Disabilities Act.

25. The defendants are a place of public accommodation as defined by CT Gen. Stat. § 46a-63.

**COUNT I - Violation of the American Disability Act**

1.-25. Paragraphs 1-25 of the Complaint are hereby incorporated as Paragraph 1-25 of Count One.

26. The Americans With Disabilities Act of 1990, as amended, prohibits

discrimination against people with disabilities in several areas, including places of public accommodation.

26. The defendants discriminated against the Plaintiff on the basis of her disability by not offering her a wheel chair accessible vehicle, such as a van at equal cost.

27. The defendants did not allow the plaintiff, a disabled individual, a reasonable accommodation to travel.

28. The reasonable accommodations requested by the plaintiff would not have caused an undue hardship on the defendants.

DEMAND FOR RELIEF

WHEREFORE, the Plaintiff seeks:

1. Monetary damages;

2. Such other relief as the court may deem proper.

PLAINTIFF

By: /S/ James F. Sullivan
James F. Sullivan
Howard, Kohn, Sprague & FitzGerald, LLP
237 Buckingham Street, PO Box 261798
Hartford, CT  06126-0896
PH:  860-525-3101; FAX:  860-247-4201
Federal Bar No: ct 12745
EMAIL:  jfs@hksflaw.com